AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☒ COMPLAINT   ☐ INFORMATION   ☐ INDICTMENT
                                   ☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 1028(a)(2)

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:
15 years imprisonment; $250,000 fine; 3 years supervised release; and $100 special assessment

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

**DEFENDANT - U.S**

▶ AXEL JIMENEZ RODRIGUEZ, a/k/a AXEL JIMENEZ

DISTRICT COURT NUMBER

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
DHS-ICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY   ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form   JOSEPH P. RUSSONIELLO
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Keslie Stewart, AUSA

**DEFENDANT**

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☒ On this charge

5) ☐ On another conviction   } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No   } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year May 20, 2008

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

Date/Time: _____   Before Judge: _____

Comments:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

[handwritten left margin: Per Leonn, warrant not needed]

OA 91   Criminal Complaint

# United States District Court

**FILED**

MAY 2 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

__NORTHERN__ DISTRICT OF __CAILFORNIA__

UNITED STATES OF AMERICA
V.
AXEL JIMENEZ RODRIGUEZ, aka AXEL JIMENEZ

CRIMINAL COMPLAINT

Case Number: 4-08-70299

(Name and Address of Defendant)

WDB

EMC

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about __August 15, 2007__ in __Contra Costa__ County, in the __Northern__ District of __California__ defendant(s) did,

(Track Statutory Language of Offense)

knowingly and willfully transfer a false identification document that appeared to be issued by or under the authority of the United States Government knowing that such document was produced without lawful authority in violation of 18 U.S.C. § 1028(a)(2).

in violation of Title __18__ United States Code, Section(s) __1028(a)(2)__.

I further state that I am a(n) __Special Agent, DHS-ICE__ and that this complaint is based on the following facts:

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

Approved As To Form: Lara Kroop /s/ AUSA

Rocio Franco, Special Agent DHS-ICE /s/ Rocio Franco
Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

__5/21/08__   at   __SAN FRANCISCO, CA__
Date                       City and State

Hon. Edward M. Chen
Edward M. Chen
United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

# AFFIDAVIT OF ROCIO FRANCO IN SUPPORT OF CRIMINAL COMPLAINT

I, Rocio Franco, Special Agent, U.S. Immigration and Customs Enforcement (ICE), being duly sworn, depose and state:

## I. INTRODUCTION AND PURPOSE OF AFFIDAVIT

1. This affidavit is submitted in support of a criminal complaint against AXEL JIMENEZ RODRIGUEZ, a/k/a AXEL JIMENEZ for violating 18 U.S.C. § 1028 (a)(2). The facts set forth in this Affidavit are based on my personal observations, my training and experience, and where noted, information related to me by other law enforcement officials. Because this affidavit is submitted for limited purposes, I have not included in it the details of every aspect of the investigation.

## II. AGENT'S BACKGROUND AND EXPERTISE

2. I have been a Special Agent with the U. S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), formerly the United States Department of Justice (DOJ), Immigration and Naturalization Service (INS), for approximately fifty-four (54) months. I am currently assigned to the Operation Community Shield (OCS)/Predator Unit at the ICE's San Francisco, California office, and I am responsible for enforcing federal criminal statutes involving individuals who sell, produce, and distribute counterfeit documents.

## III. INDIVIDUALS INVOLVED

3. AXEL JIMENEZ RODRIGUEZ, a/k/a AXEL JIMENEZ (hereafter referred to as JIMENEZ) was born on October 11, 1986. Record searches revealed that JIMENEZ does not possess a valid California Driver's License. Based on information from ICE databases and criminal history sheets, I believe that JIMENEZ is a citizen and national of Mexico and currently residing in the United States illegally. There are no records available to me at this time that indicate JIMENEZ possesses any documents to be legally in the United States.

## IV. APPLICABLE LAW

4. Title 18 U.S.C. § 1028(a)(2) provides criminal penalties for "Whoever, in a circumstance described in subsection (c) of this section . . . knowingly transfers an identification document, authentication feature, or a false identification document knowing that such document or feature was stolen or produced without lawful authority." Subsection (c) provides that "[t]he circumstance referred to in subsection (a) of this section is that (1) the identification document, authentication feature, or false identification document is or appears to be issued by or under the authority of the United States . . . ."

## V. FACTS ESTABLISHING PROBABLE CAUSE

5. On or about August 15, 2007, an ICE confidential informant contacted an individual at phone number 925-497-5173 to purchase counterfeit documents. The individual agreed to meet

−1−

the ICE confidential informant at a 7-Eleven store located on 2995 Monument Boulevard, Concord, California. Prior to the meeting, I provided the ICE confidential informant with three photographs that he/she was to deliver to the individual to use in the production of the counterfeit documents. Subsequently, AXEL JIMENEZ RODRIGUEZ, a/k/a AXEL JIMENEZ met the ICE confidential informant in the 7-Eleven parking lot and the ICE confidential informant gave JIMENEZ the photographs that I had given him/her. ICE Special Agent Christopher J. Merendino witnessed the exchange of photographs between the ICE confidential informant and JIMENEZ

6. Prior to the transaction described above, I had identified AXEL JIMENEZ RODRIGUEZ through booking photos and surveillance.

7. On the same day at approximately 1518 hours, the ICE confidential informant called number 925-497-5173 to see if the counterfeit documents were ready. Subsequently, at approximately 1535 hours, the ICE confidential informant again met with JIMENEZ in the 7-Eleven parking lot. The ICE confidential informant gave JIMENEZ $240 dollars, and JIMENEZ gave the ICE confidential informant three (3) counterfeit Lawful Permanent Resident (LPR) cards and three (3) counterfeit Social Security Number (SSN) cards. ICE Special Agent Raul Cano witnessed this exchange.

8. On the same day at approximately 1549 hours, the ICE confidential informant met with me. The ICE confidential informant then handed me the documents JIMENEZ had given him/her. I then examined the documents and observed that the documents had the same pictures that I had given the ICE confidential informant prior to his/her meeting with JIMENEZ.

9. Based on my training and experience, I determined that the documents JIMENEZ delivered to the ICE confidential informant were counterfeit because they lacked authentication features and because the numbers on the Lawful Permanent Resident cards and Social Security Number cards are not assigned to the person named on the documents.

10. Genuine Lawful Permanent Resident cards and genuine Social Security Number cards are issued by the United States under the authority of the United States.

## VI. CONCLUSION

11.   On the basis of the above information, I submit that probable cause exists to believe that AXEL JIMENEZ RODRIGUEZ, a/k/a AXEL JIMENEZ did knowingly and willfully transfer a false identification document that appeared to be issued by or under the authority of the United States Government knowing that such document was produced without lawful authority in violation of 18 U.S.C. § 1028(a)(2).

_____
Rocio Franco
Special Agent
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
San Francisco, California

Subscribed and sworn to before me this ___21st___ day of May, 2008.

_____
The Honorable Edward Chen
United States Magistrate Judge
Northern District of California
San Francisco, California

-3-